LOUIS M. CHIAFFARANO, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Chiaffarano v. Commissioner
Docket No. 27390-90
United States Tax Court
T.C. Memo 1992-614; 1992 Tax Ct. Memo LEXIS 638; 64 T.C.M. (CCH) 1088; October 14, 1992, Filed *638 For Petitioner: Harvey J. Spinowitz. For Respondent: William J. Gregg. HAMBLEN
HAMBLEN
MEMORANDUM FINDINGS OF FACT AND OPINION HEMBLEN, Chief Judge: This case is before the Court on petitioner's motion for litigation and administrative costs [1] pursuant to Rule 231 [2] and section 7430. *639 Respondent determined a deficiency in petitioner's 1983 Federal income tax and additions to tax as follows: Deficiency
Sec. 6651(a)(1)
Sec. 6653(a)(1)
Sec. 6653(a)(2)
Sec. 6661(a)
$ 34,197.00
$ 3,419.70
$ 1,709.85
[1]
$ 8,549.00
Most of the deficiency was attributable to the disallowance of a portion of the cost of goods sold expense relating to petitioner's contracting business. The notice of deficiency explained that $ 87,287 of the $ 245,466 claimed as cost of goods sold expense was disallowed because petitioner had not established that the additional amount was for ordinary and necessary business expenses, or was expended for the purpose designated. The disallowed amounts related to alleged payments made by petitioner to subcontractors during 1983. The issue to be decided is whether respondent's position in this civil proceeding was substantially justified within the meaning of section 7430(c)(4)(A)(i). FINDINGS OF FACT Petitioner resided in Brooklyn, New York, when he filed the petition in this case. During 1983, petitioner *640 was the sole proprietor of a contracting business named Atlantic Contracting (Atlantic). Atlantic acted as a general contractor for the repair and renovation of real property. During 1983, Atlantic had only one employee, Theodore Paolini (Mr. Paolini). The majority of work performed on behalf of Atlantic was done by subcontractors. These subcontractors were electricians, plumbers, carpenters, roofers, and other tradespeople. In 1983, petitioner hired the accounting firm Louis Scotto, C.P.A. to prepare and maintain Atlantic's books. Raphael Scotto (Mr. Scotto) served as petitioner's accountant. Throughout 1983, petitioner paid his one employee, Mr. Paolini, by check on a weekly basis. He withheld the proper taxes from these checks and issued a W-2 form at the end of the year. On paydays, petitioner visited the construction sight where Mr. Paolini was working and would have Mr. Paolini endorse the back of his paycheck and petitioner would then pay him the equivalent amount in cash. In addition to claiming the amounts paid to Mr. Paolini in 1983 as a cost of goods sold expense, petitioner also claimed as cost of goods sold expenses payments allegedly made to subcontractors *641 by means of the same check cashing arrangement. It is these alleged payments which respondent disallowed in the notice of deficiency. During 1985, petitioner was informed by the Internal Revenue Service that his 1983 tax return was being audited. At that time, petitioner had relocated his business to Manhattan, New York, and had retained a new accounting firm, Weissbarth, Altman & Michaelson. Ira Gordon (Ms. Gordon) served as petitioner's accountant and represented petitioner before the Internal Revenue Service in connection with the audit. A 2- or 3-year period then ensued during which the appeals officer, Fred Masteromarino, and petitioner's accountant, Ms. Gordon, attempted to resolve the issues between the two parties. Primarily, respondent requested that petitioner produce records to substantiate the alleged payments to subcontractors. At that point, petitioner did not produce the documentation necessary to substantiate the claimed expenses. Respondent issued the notice of deficiency on September 21, 1990, and on December 6, 1990, petitioner filed a petition with this Court. In his petition, petitioner alleged that he had "records to back up all monies for subcontractors" *642 but that his former accountants would not release the records at that time. On April 12, 1991, and May 20, 1991, respondent made informal requests for documentation to substantiate the disallowed cost of goods sold expense. Respondent requested a schedule listing the amounts deducted, Forms 1099 issued, cancelled checks, written agreements with subcontractors, time cards, and permits. Respondent did not receive all the requested items. On June 27, 1991, respondent served on petitioner a request for production of documents and a request for answers to interrogatories. Petitioner did not comply with the requests. On September 17, 1991, respondent filed with the Court a motion to compel production of documents and a motion to compel responses to respondent's interrogatories. On October 21, 1991, this Court issued an order directing petitioner to comply with respondent's requests on or before November 25, 1991. Petitioner thereafter requested respondent to agree to an extension of time for petitioner to comply with the Court's order, and on December 3, 1991, the parties filed a stipulation agreeing that the time to respond was extended until January 2, 1992. Petitioner again *643 failed to provide the requested documentation and information. During a meeting, on February 20, 1992, petitioner provided three affidavits to respondent. The affidavits were intended to provide the necessary substantiation for the cost of goods sold expense at issue. Two of the affiants, Mr. Scotto and Ms. Gordon, attested that Forms 1099 for the subcontractors were prepared, that such records existed during the audit stage, and that they had no knowledge of the location of the records at that point. The third affiant, Mr. Paolini, attested to witnessing petitioner and subcontractors exchanging endorsed checks for cash on paydays. Petitioner did not submit any affidavits from customers or from any of the alleged subcontractors. When this case was calendared for trial, respondent served subpoenas upon third parties, with a return date of June 15, 1992, the date of trial for this case. The subpoenas were served on three accountants, each of whom was associated at some time with petitioner. All of the accountants claimed, in response to the subpoenas, to possess no documentation to substantiate the cost of goods sold expense. In addition, counsel for respondent also contacted *644 and interviewed some of petitioner's customers and subcontractors. Counsel for respondent also conferred with the responsible examining agents in this case. Before trial, the parties agreed to a settlement of the disputed deficiency and additions to tax. Through the investigative steps undertaken and based upon the availability of third party records, respondent was able to confirm that a substantial portion of the cost of good sold expense was allowable. On May 28, 1992, the parties filed a stipulation as to settled issues disposing of all of the issues listed in the statutory notice of deficiency. According to the stipulation of settled issues, the parties agreed that petitioner was liable for a deficiency in income tax of $ 5,785 and also an addition to tax for late filing in the amount of $ 579. On June 15, 1992, when this case was called from the calendar at New York, New York, the parties appeared, and petitioner informed the Court that he would file a motion for litigation costs. The Court, by order dated June 15, 1992, directed petitioner to file his motion on or before July 15, 1992, and directed respondent to file a response thereto on or before August 14, 1992, which *645 was complied with by each of the parties. The parties have submitted affidavits and memoranda in support of their positions in accordance with Rules 231 and 232. The parties have not requested a hearing, and we conclude that a hearing is not necessary for the proper consideration and disposition of petitioner's motion. Rule 232(a)(3). Rather, we will decide the matter based upon petitioner's motion, respondent's objection thereto, and the affidavits and exhibits provided by both parties. OPINION Section 7430(a) authorizes an award of reasonable administrative and litigation costs to the "prevailing party" in civil tax litigation. In general, a prevailing party may be awarded reasonable administrative and litigation costs if the party has: (1) Exhausted its administrative remedies; (2) established that respondent's position in the proceeding was not substantially justified; (3) substantially prevailed with respect to the amount in controversy or with respect to the most significant issue or set of issues presented; (4) established that its net worth did not exceed $ 2 million at the time the proceeding was commenced; and (5) not unreasonably protracted any portion of the proceeding. *646 See sec. 7430(b) and (c). All of these requirements must be met for an award to be made. . Petitioner bears the burden of proving he is entitled to such an award. Rule 232(e); . Respondent concedes that petitioner has met the $ 2 million net worth requirement. Sec. 7430(c)(4)(A)(iii). However, respondent objects to awarding petitioner litigation costs, arguing that: (1) Respondent's position was substantially justified; (2) petitioner did not substantially prevail on the most significant issue in the case; (3) petitioner unreasonably protracted the proceeding by failing to produce the documentation alluded to in the petition; and (4) petitioner did not exhaust his administrative remedies. Petitioner contends that respondent's position was not substantially justified. Petitioner contends that because respondent agreed to a deficiency in income tax and additions to tax that are substantially smaller than those determined in the notice of deficiency that respondent's position was not substantially *647 justified. We first address whether respondent's position (the position of the United States) was substantially justified within the meaning of section 7430(c)(4)(A)(i). For civil tax cases commenced after December 31, 1985, section 1551(d)(1) of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2085, 2752, changed the language describing the position of the United States from "unreasonable" to "not substantially justified". This Court has held that the substantially justified standard does not represent a departure from the reasonableness standard. ; , affd. . This case is governed by sec. 7430 as amended by the Technical and Miscellaneous Revenue Act of 1988, which is effective for civil tax proceedings commenced after Nov. 10, 1988. Technical and Miscellaneous Revenue Act of 1988, Pub. L. 100-647, sec. 6239(a), 102 Stat. 3342, 3743. As modified by the 1988 amendments, section 7430(c)(7)(A) defines the "position of the United States" to mean the position taken *648 by the United States in a judicial proceeding (to which the section applies) and (B) the position taken in an administrative proceeding (to which the section applies) as of the earlier of (i) the date of the receipt by the taxpayer of the notice of the decision of the Internal Revenue Service Office of Appeals or (ii) the date of the notice of deficiency. In this case, there was no separate notice of the Internal Revenue Service Office of Appeals prior to the issuance of the notice of deficiency. Therefore, for purposes of section 7430, the United States is considered to have taken a position on September 21, 1990, the date the notice of deficiency was issued by respondent. In meeting petitioner's burden of demonstrating that respondent's position was not substantially justified, petitioner must show that legal precedent does not substantially support respondent's position given the facts available to respondent. Rule 232(e); ; . We will consider the basis for respondent's legal position and the *649 manner in which the position was maintained. . A determination of reasonableness must be based upon all the facts and circumstances, as well as any legal precedents relating to the case. . We may consider, among other factors, whether respondent used the costs and expenses of litigation to extract unjustified concessions from petitioner, whether respondent pursued the litigation to harass or embarrass petitioner, or whether respondent's pursuit of the instant litigation was politically motivated. ; . Finally, the fact that respondent concedes the case is not sufficient to establish that a position is unreasonable. . According to the notice of deficiency, a disallowance of $ 87,287 was made by respondent to the cost of goods sold expense claimed on petitioner's 1983 return upon the grounds that "it has not been established" *650 such amount "was for an ordinary and necessary business expense, or was expended for the purpose designated." The "ordinary and necessary" business expense language is derived from section 162(a). It is well settled that deductions are strictly a matter of legislative grace and petitioner bears the burden of proving his entitlement to any deductions claimed. Rule 142(a); ; . Meeting this burden entails maintaining adequate records to enable respondent to properly determine petitioner's tax liability. See sec. 6001. It is the absence of such documentation that triggered the issuance of the notice of deficiency in this case. Petitioner contends that the amounts disallowed in the notice of deficiency represented deductible payments to subcontractors. But the only documentation submitted by petitioner to substantiate such amounts was cancelled checks indicating endorsement back to petitioner by the named payees. Petitioner did not produce the addresses, telephone numbers, or social security *651 numbers for the named payees. Additionally, there were no Forms 1099, Forms W-2, receipts, time cards, or employee files to substantiate the deductibility of these amounts. Respondent contends that the unusual nature of this type of payment arrangement raised the suspicion, during the ordinary course of the examination, that the scheme involved a circulation of funds rather than deductible payments for compensation. The above mentioned absence of documentation formed the primary basis of respondent's disallowance. Petitioner argues that such a position is not substantially justified. Petitioner cites no precedent contradicting the reasonableness of the determination embodied in the notice of deficiency. Petitioner's motion cites one case decided by this Court, , for the proposition that respondent's position was not substantially justified. In Rutana, we awarded the taxpayer reasonable litigation costs upon the ground that the Commissioner's position was unreasonable. . The underlying substantive issues in the case involved unreported income and an addition *652 to tax for fraud. The case is clearly distinguishable from the case before us today. Petitioner contends the real issue in this case is whether the money was actually paid to the subcontractors. From the available evidence both at the time the notice of deficiency was issued and also through the discovery stage of this case, actual payment was not shown for the deduction in question. The only documents presented by petitioner were cancelled checks endorsed to petitioner. From such scanty evidence it was reasonable to conclude that no payment may have occurred. It was also reasonable to conclude that such apparent circulation of funds was not for services rendered that would permit a deduction under section 162. The potential circulation of funds gave respondent sufficient cause to further investigate and seek documents and testimony to substantiate the claimed deduction. The facts indicate that respondent acted reasonably with respect to the case at hand. Respondent requested that petitioner substantiate the disputed cost of goods sold expense claimed on his 1983 return. Petitioner did not produce the Forms 1099 or any other reliable documents to substantiate the disputed *653 deduction. Respondent is justified and within her authority to issue a notice of deficiency and to defend that deficiency in litigation when a taxpayer refuses to substantiate claimed deductions. Having found that respondent's position was substantially justified, it is not necessary to address the remaining issues raised by the parties. Petitioner's motion for allowance of reasonable administrative and litigation costs will be denied. To reflect the foregoing, An appropriate order will be issued. Footnotes
1. Petitioner's motion requests reimbursement for litigation costs as follows: Attorney's fees of $ 9,250.00; court filing fees of $ 60.00; and expert witness fees of $ 1,737.50. The amount for expert witness fees is for reimbursement of money paid to Ira Gordon, C.P.A. for services performed for petitioner. Because Ira Gordon was involved with this case as early as the the audit stage, we assume that some of the costs represent payment for services during the administrative proceedings. Consequently, we shall treat the motion filed by petitioner as a motion for litigation and administrative costs.↩
2. Unless otherwise indicated, all rule references are to the Tax Court Rules of Practice and Procedure and all section references are to the Internal Revenue Code in effect for the taxable year at issue.↩
1. 50% of the interest due on $ 34,197.00.↩